CHASEN COHAN, ESQ.
Nevada Bar No. 12349
**COHAN PLLC**
6718 W. Sunset Rd., Suite 150
Las Vegas, NV 89118
Tel: (702) 357-9611
Fax: (888) 424-2736
cohan@cohanpllc.com

*Attorneys for* Plaintiff

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELEVATION HEALTH LLC, a foreign limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICARE, INC., a domestic corporation; MARIO GONZALEZ, individually; JENNIFER GONZALEZ, individually; DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants. | CASE NO: 2:22-cv-1590<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff ELEVATION HEALTH LLC, a foreign limited liability company, by and through its attorney of record, CHASEN COHAN, ESQ., of the law firm COHAN PLLC, and hereby complains and alleges against Defendants as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times, Plaintiff ELEVATION HEALTH LLC ("ELEVATION" or "Plaintiff") is and was a New York limited liability company, and all individual ELEVATION members are citizens of the state of New York.

2. Upon information and belief, at all relevant times, Defendant AMERICARE, INC. ("AMERICARE" or "Defendant") was a domestic corporation formed under the laws of the State of Nevada, licensed to, and doing business in, Clark County, Nevada.

3. Upon information and belief, at all relevant times, Defendant MARIO GONZALEZ ("MR. GONZALEZ") is and was a Clark County, Nevada resident.

4. Upon information and belief, at all relevant times, Defendant JENNIFER GONZALEZ ("MRS. GONZALEZ") is and was a Clark County, Nevada resident.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants identified as DOES I through X, and ROE CORPORATIONS I through X, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that Defendants designated herein as DOE Defendants are in some way legally responsible in some manner for the events and happenings referred to in this Complaint that caused damages to Plaintiff as herein alleged, and Plaintiff will ask leave of Court to amend the Complaint to insert the true names and capacities of these DOE Defendants when the same have been ascertained and join such Defendants in this action.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendants because the actions and conduct giving rise to this Complaint took place in Clark County, Nevada, and all claims arise out of events that occurred in Clark County, Nevada.

8. Venue is proper in this Court as the actions and conduct giving rise to this Complaint took place in Clark County, Nevada, and all claims arise out of events that occurred in Clark County, Nevada.

**GENERAL ALLEGATIONS**

9. ELEVATION is a population health company that provides end-to-end, comprehensive testing and congregate health solutions to schools, firms, government entities, and others seeking to safeguard the health and safety of their students, employees, visitors, and other constituents.

10. AMERICARE advertises itself as an "industry leader in reliable testing solutions."

11. All products listed on the AMERICARE Rapid Response website are "antigen rapid

tests," [sic] which are to be used to detect SARS-CoV-2, the virus that causes COVID-19 and have been commonly used during the COVID-19 pandemic.[1]

12. At all times relevant to this matter, and as of the drafting of this Complaint, AMERICARE's Rapid Response website explicitly states that "all rapid testing solutions are FDA EUA,"[2] which means AMERICARE represents that all its rapid testing solutions have U.S. Food & Drug Administration Emergency Use Authorization.[3]

13. At all times relevant to this matter, and as of the drafting of this Complaint, AMERICARE's Rapid Response website explicitly states that "all rapid testing solutions are CLIA Required."[4] In general terms, the CLIA regulations establish quality standards for laboratory testing performed on specimens obtained from humans, such as blood, body fluid, and tissue; for the purpose of diagnosis, prevention, or treatment of disease; or assessment of health.[5]

14. At all times relevant to this matter, and as of the drafting of this Complaint, AMERICARE's Rapid Response website expressly represents the "CDC [was] Consulted" in the development of "all rapid testing solutions" AMERICARE offers on its website.[6]

15. Based on an existing business relationship in which AMERICARE sold ELEVATION over-the-counter ("OTC") testing products authorized for sale and distribution in the United States, ELEVATION and AMERICARE entered into an agreement in which AMERICARE agreed to provide FlowFlex COVID-19 Antigen Home Rapid Tests for OTC distribution in the United States at the cost of $8 per test (the "Agreement").

16. MR. GONZALEZ is the President, Secretary, Treasurer, and Director of

---

[1] On February 4, 2020, pursuant to Section 564(b)(1)(C) of the Federal Food, Drug, and Cosmetic Act (the "Act"), the Secretary of the Department of Health and Human Services (HHS) determined that there is a public health emergency that has a significant potential to affect national security or the health and security of United States citizens living abroad, and that involves the virus that causes COVID-19.
[2] https://get.americarerapidresponse.com/#services
[3] Under section 564 of the Federal Food, Drug, and Cosmetic Act, when the Secretary of HHS declares that an emergency use authorization is appropriate, the FDA may authorize unapproved or uncleared medical products or unapproved uses of FDA-cleared medical products to be used in an emergency to diagnose, treat, or prevent serious or life-threatening diseases or conditions caused by chemical, biological, radiological and nuclear ("CBRN") threat agents when certain criteria are met, including there are no adequate, approved, and available alternatives.
[4] https://get.americarerapidresponse.com/#services
[5] https://www.cdc.gov/clia/law-regulations.html
[6] https://get.americarerapidresponse.com/#services

AMERICARE.

17. Both before and after the parties entered into the Agreement, MR. GONZALEZ sent emails and text messages to ELEVATION misrepresenting that the FlowFlex COVID-19 Antigen Home Rapid Tests that AMERICARE offered for sale were authorized by the U.S. Food & Drug Administration, including the provision of a letter from the U.S. Food & Drug Administration stating that the FlowFlex COVID-19 Antigen Home Rapid Tests had been given "U.S. Food & Drug Administration Emergency Use Authorization," which ultimately was inapplicable and irrelevant to the different CE-marked FlowFlex COVID-19 Antigen Home Rapid Tests that AMERICARE actually delivered to ELEVATION.

18. On October 22, 2021, MRS. GONZALEZ sent ELEVATION Invoice No. 849 JG (the "Invoice") for the purchase of 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests (the "COVID-19 Tests").

19. The invoice lists the total amount due as $476,160.00, which was marked as "PAID" at the time of receipt.

20. Pursuant to ELEVATION's request, AMERICARE drop shipped the COVID-19 Tests to warehouses in Maryland and New Hampshire.

21. The warehouses received the COVID-19 Tests in various shipments beginning on November 24, 2021.

22. On December 16, 2021, MRS. GONZALEZ sent ELEVATION Invoice No. 978 for $12,000.00 for "Logistics to Maryland."

23. Every COVID-19 Test received from AMERICARE was marked "CE" instead of "FDA EUA," which means the COVID-19 Tests were only approved, cleared, and authorized for sale and distribution in the European Union and not in the United States. The U.S. Food and Drug Administration does not lawfully permit the sale of "CE" COVID-19 tests in the United States.

24. On January 9, 2022, the manufacturer of the COVID-19 Tests, ACON Laboratories, Inc. ("ACON"), in conjunction with the FDA, issued a company announcement explaining that: ACON, "the legal manufacturer of the "***Flowflex*™ COVID-19 Antigen Home Test**" (FDA

Emergency Use Authorization EUA210494), identified the U.S. distribution of unauthorized, adulterated and misbranded counterfeit product having the trade name "*Flowflex* **SARS-CoV-2 Antigen Rapid Test (Self-Testing).**[7]"" (emphasis in original).

25. Consequently, the FDA announced that "this CE marked product is being recalled from the U.S. market." Under FDA regulations, the CE-marked COVID-19 Tests "cannot be legally imported, distributed, or used in the U.S. market as it has not been approved, cleared, or authorized by FDA" (the "FDA Recall").

26. Following the FDA Recall, ELEVATION immediately demanded AMERICARE replace the CE-marked COVID-19 Tests with tests authorized for sale and use in the United States; however, AMERICARE refused, and continues to refuse, to accept the return of, replace, or refund monies paid by ELEVATION for the COVID-19 Tests.

27. On February 22, 2022, and April 22, 2022, ELEVATION acquired tests from a different supplier to replace the CE-marked COVID-19 Tests with EUA-marked COVID-19 Tests authorized for sale in the United States.

28. ELEVATION assumed all costs incurred for shipping, replacing, and storing the unusable CE-marked COVID-19 TESTS.

29. ELEVATION immediately demanded AMERICARE accept the return of the CE-marked COVID-19 Tests and replace them with tests that are EUA authorized consistent with the parties' Agreement. Nevertheless, AMERICARE has refused to accept their return or replace the tests with those that may be legally sold in the United States.

30. Since AMERICARE has refused to accept the returned CE-marked COVID-19 Tests, ELEVATION has been forced to store them at the cost of $15,000 per month.

31. Despite being made aware of the fraud in early January, **AMERICARE's Rapid Response website still falsely states that "all rapid testing solutions are FDA EUA," that "all rapid testing solutions are CLIA Required," and that the "CDC [was] Consulted," in the**

---

[7] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/acon-laboratories-issues-recall-non-eua-authorized-flowflextm-sars-cov-2-antigen-rapid-test-self

**development of "all rapid testing solutions"** AMERICARE offers on its website[8].

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract - AMERICARE)**

32. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 31 as though set forth fully herein.

33. ELEVATION and AMERICARE entered into a valid and enforceable Agreement.

34. ELEVATION performed all of its obligations under the Agreement.

35. AMERICARE breached the Agreement with ELEVATION by, amongst other things, failing to provide ELEVATION with 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests that are EUA authorized for sale in the United States.

36. As a result of AMERICARE's breach, ELEVATION was damaged in excess of $75,000, exclusive of costs and interest.

37. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

**SECOND CLAIM FOR RELIEF**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing - AMERICARE)**

38. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 37 as though set forth fully herein.

39. In Nevada, every contract contains an implied covenant of good faith and fair dealing.

40. ELEVATION and AMERICARE entered into a valid and enforceable Agreement.

41. ELEVATION performed all of its obligations under the Agreement.

42. Amongst other things, AMERICARE breached this covenant when it failed to provide ELEVATION with 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests that are EUA authorized for sale in the United States, which was unfaithful to the purpose of the contract.

43. Amongst other things, AMERICARE breached this covenant when it refused to refund

---

[8] https://get.americarerapidresponse.com/#services

ELEVATION $488,000.00 after failing to provide ELEVATION with 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests that were EUA authorized for sale in the United States, which was unfaithful to the purpose of the contract.

44. AMERICARE's breach was a substantial factor in ELEVATION sustaining damages in excess of $75,000, exclusive of costs and interest.

45. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF

### (Breach of Express Warranty - AMERICARE)

46. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 45 as though set forth fully herein.

47. ELEVATION and AMERICARE entered into a valid and enforceable Agreement for the sale of goods.

48. ELEVATION performed all of its obligations under the Agreement.

49. At all times relevant to this Complaint, and despite being made aware of the fraud in early January, AMERICARE's Rapid Response website still falsely states that "all rapid testing solutions are FDA EUA," that "all rapid testing solutions are CLIA Required," and that the "CDC [was] Consulted," in the development of "all rapid testing solutions" AMERICARE offers on its website.[9]

50. Every COVID-19 Test received from AMERICARE was marked "CE" instead of "FDA EUA," which means the COVID-19 Tests were only approved, cleared, and/or authorized for sale and distribution in the European Union and elsewhere, but not in the United States.

51. AMERICARE's misrepresentations were material, and in fact the basis for ELEVATION's purchase of the COVID-19 Tests.

52. AMERICARE's breach caused ELEVATION to sustain damages in excess of $75,000,

---

[9] https://get.americarerapidresponse.com/#services

exclusive of costs and interest.

53. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Implied Warranty of Merchantability - AMERICARE)

54. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 53 as though set forth fully herein.

55. Unless otherwise agreed, goods sold in Nevada carry an implied warranty of merchantability, that is, that the goods are at least fit for the ordinary purposes for which they are used.

56. ELEVATION and AMERICARE entered into a valid and enforceable Agreement for AMERICARE to sell the COVID-19 Tests to ELEVATION.

57. AMERICARE is in the business of selling COVID-19 Tests.

58. The COVID-19 Tests AMERICARE sent ELEVATION: (1) were not of the same quality as those generally acceptable in the trade; (2) were not fit for the ordinary purposes for which such goods are used; and (3) did not conform to the quality established by the parties' prior dealings.

59. Following the FDA Recall, ELEVATION immediately demanded AMERICARE replace the CE-marked COVID-19 Tests with tests authorized for sale and use in the United States; however, AMERICARE has refused to replace the CE-marked COVID-19 Tests, accept the return of the CE-marked test, or otherwise refund ELEVATION all monies paid for the same.

60. AMERICARE's breach caused ELEVATION to sustain damages in excess of $75,000, exclusive of costs and interest.

61. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

///

///

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment – AMERICARE - In the Alternative)

62. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 61 as though set forth fully herein.

63. ELEVATION conferred a benefit on AMERICARE by giving it $488,000.00 for 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests that were EUA authorized for sale in the United States that ELEVATION never received from AMERICARE.

64. The relevant invoices list the total amount due of $488,000.00 as paid to AMERICARE by ELEVATION.

65. AMERICARE has retained the $488,000.00 without providing ELEVATION with 59,520 FlowFlex COVID-19 Antigen Home Rapid OTC Tests approved, cleared, and authorized for sale in the United States.

66. Since AMERICARE has accepted and retained these benefits, AMERICARE has been unjustly enriched.

67. As a result, ELEVATION sustained damages in excess of $75,000, exclusive of costs and interest.

68. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

## SIXTH CLAIM FOR RELIEF

### (Fraudulent Misrepresentation – MR. GONZALEZ)

69. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 68 as though set forth fully herein.

70. Both before and after the parties entered into the Agreement, MR. GONZALEZ sent emails and text messages to ELEVATION misrepresenting the FlowFlex COVID-19 Antigen Home Rapid Tests that AMERICARE offered for sale were in fact authorized by the U.S. Food & Drug Administration, including through the provision of a letter from the U.S. Food & Drug Administration

stating that the FlowFlex COVID-19 Antigen Home Rapid Tests had been given "U.S. Food & Drug Administration Emergency Use Authorization."

71. MR. GONZALEZ knew these representations were false at the time they were made.

72. MR. GONZALEZ is the President, Secretary, Treasurer, and Director of AMERICARE.

73. Despite being made aware of the fraud in early January, MR. GONZALEZ, as the sole officer of AMERICARE, has failed to modify **AMERICARE's statements on Rapid Response website, which still falsely states that "all rapid testing solutions are FDA EUA," that "all rapid testing solutions are CLIA Required," and that the "CDC [was] Consulted," in the development of "all rapid testing solutions"** AMERICARE offers on its website.[10]

74. ELEVATION was unaware of the falsity of MR. GONZALEZ's representations.

75. The statements were material to ELEVATION's decision purchase the COVID-19 tests.

76. ELEVATION acted in reliance upon the truth of the representations by purchasing the COVID-19 Tests.

77. ELEVATION was justified in relying upon the representations based on the parties' prior dealings.

78. The conduct described herein warrants an award of exemplary and punitive damages pursuant to Nevada Revised Statutes § 42.005 in an amount to be determined at trial.

79. As a result of its reliance on MR. GONZALEZ's misrepresentations, ELEVATION sustained damages in excess of $75,000, exclusive of costs and interest.

80. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

///

///

---

[10] https://get.americarerapidresponse.com/#services

## SEVENTH CLAIM FOR RELIEF

### (Aiding and Abetting Fraud – MRS. GONZALEZ)

81. ELEVATION realleges and incorporates herein by reference the allegations of Paragraphs 1 through 80 as though set forth fully herein.

82. MR. GONZALEZ defrauded ELEVATION.

83. Upon information and belief, MRS. GONZALEZ was aware of her role in promoting MR. GONZALEZ's fraud at the time she sent ELEVATION the October 22, 2022, Invoice No. 849 for the purchase of the COVID-19 Tests for $476,000.00, and when she sent ELEVATION the December 16, 2021, Invoice No. 978 for $12,000.00 for "Logistics to Maryland."

84. Upon information and belief, MRS. GONZALEZ knowingly and substantially assisted MR. GONZALEZ in committing fraud.

85. The conduct described herein warrants an award of exemplary and punitive damages pursuant to Nevada Revised Statutes § 42.005 in an amount to be determined at trial.

86. As a result of MRS. GONZALEZ knowingly and substantially assisting MR. GONZALEZ in committing fraud, ELEVATION sustained damages in excess of $75,000, exclusive of costs and interest.

87. It has become necessary for ELEVATION to engage the services of an attorney in this proceeding as a direct result of the conduct alleged herein; therefore, ELEVATION is entitled to recover fees and costs incurred herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For special damages in excess of $75,000.00;
2. For general damages in excess of $75,000.00;
3. For exemplary and punitive damages in excess of $75,000.00;
4. For costs;
5. For attorneys' fees;
6. For prejudgment interest; and

7. For such other and further relief as the Court may deem just, equitable, and proper.

Dated: September 21, 2022

*Chasen Cohan, Esq.*
CHASEN COHAN, ESQ.
Nevada Bar No. 12349
**COHAN PLLC**
6718 W. Sunset Rd., Suite 150
Las Vegas, NV 89118
Tel: (702) 357-9611
Fax: (888) 424-2736
cohan@cohanpllc.com

*Attorneys for* Plaintiff