UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELEVATION HEALTH LLC,<br>        Plaintiff(s),<br>v.<br>AMERICARE, INC., et al.,<br>        Defendant(s). | Case No. 2:22-cv-01590-GMN-NJK<br>**ORDER**<br>[Docket No. 57] |

Pending before the Court is a stipulation to extend case management deadlines by three months.  Docket No. 57.

The stipulation is premised on the fact that service has not been completed on a third-party defendant in the United Kingdom.  Docket No. 57 at 4.  The stipulation indicates that there are months-long delays associated with such service, but a recent status update has not been received. *See id.* at 3, 4.  The Court must apply the Federal Rules of Civil Procedure in a manner that best effectuates the goals for the just, speedy, and inexpensive determination of cases.  Fed. R. Civ. P. 1.  The Ninth Circuit has also repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases), and district courts have good reason to enforce deadlines when insufficient reason has been advanced to modify them, *see, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 610-11 (9th Cir. 1992).  The Court here has already made clear that a "robust showing" must be made to modify the case management deadlines given the lengthy period of discovery allowed from the start.  *See* Docket No. 28 at 5. In addition, as the Court has already made clear in this case, what is effectively an indefinite delay of the case to complete discovery on one third-party defendant, who may or may not ever appear to defend itself, is not consistent with the above principles.  *See* Docket No. 56 at 1 ("The Court is

1

not inclined to delay this case indefinitely" (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Safeco Ins. Co. of Am. v. Air Vent, Inc.*, 2023 U.S. Dist. Lexis 48393, at *5-6 (D. Nev. Mar. 21, 2023) (addressing efforts to delay discovery pending discovery efforts on third-party defendant located in China).[1]

In considering the circumstances of this case, the Court will allow the extension sought as a courtesy to the parties to foster the inexpensive resolution of the case. There will be no further extensions permitted based on the process of serving the third-party defendant, however, to foster the speedy resolution of the case. With that caveat, the stipulation is **GRANTED**.[2] Deadlines are hereby **RESET** as followed:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: November 5, 2023
- Dispositive motions: December 5, 2023
- Joint proposed pretrial order: January 4, 2024

IT IS SO ORDERED.

Dated: July 21, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court considers the joint nature of the request in reaching a decision, but joint requests to modify scheduling orders are not granted automatically and may be denied in appropriate circumstances. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

[2] The Court previously rejected the request to reopen expired deadlines. *See* Docket No. 56. The instant stipulation states strangely that it seeks relief as to deadlines, "including *but not limited to*" the discovery cutoff, dispositive motion deadline, and joint proposed pretrial order. Docket No. 57 at 4-5 (emphasis added). To be clear, no showing of excusable neglect has been made as to expired deadlines and all expired deadlines remain closed. *See* Docket No. 56 at 1 (citing Local Rule 26-3).